```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION
```

ANDRE CHANEY                                                PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:10CV20TSL-FKB

HINDS COUNTY, MISSISSIPPI; MALCOLM E.
MCMILLIN, Sheriff of Hinds County, Mississippi;
ROBERT GRAHAM, DOUGLAS ANDERSON,
PEGGY HOBSON CALHOUN, PHIL FISHER
AND GEORGE SMITH, in Their Official Capacities
As Members of the Hinds County Board of Supervisors
Of Hinds County, Mississippi; JOHN DOES, Detention
Center Administrators, 1-5; AND RICHARD ROES,
Detention Center Officers, 1-5                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Hinds County, Mississippi, Hinds County Sheriff Malcolm McMillin, and Hinds County Supervisors Robert Graham, Douglas Anderson, Peggy Hobson Calhoun, Phil Fisher and George Smith for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff Andre Chaney has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion is not well taken and should be denied.

Plaintiff Andre Chaney filed this lawsuit under 42 U.S.C. § 1983 seeking to recover damages based on allegations he was sexually assaulted by fellow inmates while being held in the Hinds County Detention Center as a pre-trial detainee.  Defendants

assert in their motion for summary judgment that plaintiff's claim is barred by the applicable three-year statute of limitation and is therefore due to be dismissed.  See Knight v. Calhoun County, Miss., No. 01-60043, 2001 WL 1076001, 1 (5th Cir. Aug. 23, 2001) (stating that "because there is no statute of limitations for 42 U.S.C. § 1983 actions, federal courts borrow the general personal injury limitations period of the forum state"); Miss. Code Ann. § 15-1-49(1) (establishing three-year statute of limitations for personal injury actions in Mississippi).  Plaintiff acknowledges his claim is subject to a three-year limitations period, but contends defendants have failed to establish their entitlement to summary judgment on the strength of this affirmative defense.  The specific issue presented by defendants' motion is whether there is a genuine issue of material fact as to whether the alleged assault that is the subject of plaintiff's complaint occurred on January 6, 2007, in which case it is barred by the applicable three-year statute of limitations, or whether the assault occurred on January 7, 2007, in which case plaintiff's suit was timely brought.

In his complaint in this cause, plaintiff alleged that the assault occurred around breakfast time on January 7, 2007. Defendants argued in their motion that based on plaintiff's sworn deposition testimony and responses to certain requests for admissions which referenced the assault as having occurred on January 6, 2007, it is conclusively established that, in fact, the

alleged assault occurred on January 6, 2007.[1]  The court has since allowed plaintiff to withdraw his admissions.  In that portion of plaintiff's deposition upon which defendants purportedly relied in bringing their motion, the following appears:

> Q.  All right.  So for the purpose of this deposition, can we – – I guess can we just assume that it occurred late night January 6th?  Is that alright?
>
> A.  (Nods affirmatively).

---

[1]These admissions were as follows:
a) Request No. 8:  Admit that, pursuant to Chaney's deposition testimony, Plaintiff attempted to inform a deputy of the sexual assault on the evening of January 6, 2007.

Response:  I attempted to tell the third shift deputy on January 6, 2007, but the deputy would not come to my cell to talk to me.

b) Request No. 12:  Admit that, pursuant to Chaney's deposition testimony (pgs 21-22), Plaintiff had no warning that he would be sexually assaulted on January 6, 2007.

Response:  Admitted; the three inmates were in my cell when he awoke.

c) Request No. 14:  Admit that, pursuant to Chaney's deposition testimony, Plaintiff does not know how the two inmates gained entry into his cell on January 6, 2010.

Response:  Admitted.

d) Request No. 16:  Admit that, pursuant to Chaney's deposition testimony, Plaintiff does not know the name(s) of the deputy(ies) he attempted to talk with on January 6, 2007 about the sexual assault.

Response:  Admitted; I do not know the name of the third shift deputy on January 6, 2007.

>    Q. Is that all right?
>
>    A. Yes, sir.

In fact, however, neither in this excerpt, nor in any other portion of the deposition transcript provided in support of defendants' motion, did plaintiff testify that the assault occurred on January 6, 2007. Rather, plaintiff testified only that the assault occurred "the late night, early morning hours of January the 6th or 7th." He could not say specifically what time the attack occurred since there were no clocks in that area of the facility. His recollection was as follows:

>    A.  You know I can tell you I remember lights going out that night, and periodically through the light – through the night, the lights will come on or something when a deputy come in there.  I remember the lights coming on and the lights going back out.  But I know I was laying under my blanket with it over my head, and I could see the lights come on and go back out.
>
>    Q.  How long after the lights initially went out on January 6 did this occur?
>
>    A.  I mean, I can't – I can't give you a timeframe.  The lights go out, if I'm not mistaken, the light goes out at 10:00 or 10:30, something like that.
>        Okay, I was laying in my rack.  I had done fell asleep.  I had done got up and used the bathroom and laid back down.  I seen the lights come on out there, but the lights will come on sometime when like when the deputy will walk through.  And the lights went back out.
>        *So it was somewhere between the night and breakfast that morning.*
>
>    Q.  The night deputies were still there; the day deputies hadn't come on yet?
>
>    A.  I don't know the deputies by name.  I don't know the deputies.  All I know is that the same deputy was on shift, which I don't know his name....

> Q.  All right, so for the purpose of this deposition, can we – I guess we can just assume that it occurred late night January 6?
>
> A.  (Nods affirmatively).

(Emphasis added).  Plaintiff further testified, in relevant part, as follows regarding the alleged assault:

> Q. Mr. Chaney, if you could, walk me through what happened during the evening hours of January 6 of 2007.
>
> A. I remember, you know, standing in – like in my cell door.  You know, there's like – you know, you can't see the TV or anything like that, so all you can do is stand in the door and hear the TV.  I can remember just standing in the door, just, you know, looking out of the door into the cell block.  And I stood there until they turned the TV off, just listening to the TV.
> I remember sitting down on the bed and – and reading the Bible, then, you know, just like walking back and forward in the room because you got – you know, you got nothing to do you can find in a little cell.  I laid down a little after lights went out because I was standing in the door when the night shift officer was going around peeking at each cell.  I was standing in the door.  I laid down, and it was after lights out.  Got up to use the bathroom.  I fell asleep.  I don't know how long I had been asleep, but I remember getting up to – to use the bathroom.  Laying back down.  I remember the lights coming on and the lights going back out.
>
> And I had been drifted back off to, you know, to sleep.  And while I was asleep I remember hearing my door.  And when I heard the door, the first thing I did was pull the cover from over my head.  And when I saw the guy come in the room I jumped up out the bed, and I was like, man, y'all in the – you in the wrong room.  Then I seen the other guy come in the door.  And when he came in all I could – all I could remember was the swing, the hit. ...

From the foregoing, and contrary to defendants' urging, it is apparent that plaintiff did not testify that the assault occurred

5

on January 6, 2007.  Rather, he testified only that the assault occurred sometime between 10:00 or 10:30 p.m. on January 6, 2007 and 6:00 a.m. on January 7, 2007.

Defendants insinuate that the fact that plaintiff did not report the alleged assault to personnel with the Hinds County Detention Facility until the night of January 7, 2007 tends to show that the assault occurred on January 6, 2007.  They also point to testimony by Deputy Van Horn, the officer to whom plaintiff reported the incident, that plaintiff told him that the assault occurred on January 6, 2007.

In fact, however, while Deputy Van Horn testified that he believed plaintiff had reported to him that the assault occurred on January 6, 2007, it was evident from the officer's testimony that his reference to January 6, 2007 was to the third shift, or midnight shift, on that date, which began at 10:00 p.m. on January 6 and ended at 6:00 a.m. on January 7.  Moreover, in his deposition, plaintiff explained the reason for his delay in reporting the incident.  Specifically, he testified that when breakfast was being served on the morning of January 7th, he tried to get the attention of a deputy on duty so that he could report what had occurred, but the deputy walked right past him without stopping.  According to plaintiff's testimony, the same deputy remained on duty until that night, but never came back by plaintiff's cell.  It was not until another deputy came on duty at

10:00 p.m. on January 7th that he was finally able to report the assault.

Defendants also note that in questioning all the Hinds County personnel deposed in this matter, plaintiff's own attorney repeatedly asserted that the incident occurred on January 6, 2007. However, as this court always instructs jurors, statements made by the lawyers are not evidence in the case.  Thus, counsel's misstatements are not evidence and are thus properly disregarded in deciding the present motion.

In the end, defendants argue that they are entitled to summary judgment because plaintiff has failed to provide the court with any facts and/or evidence to establish that the alleged incident did not occur on January 6, 2007.  However, the running of the statute of limitations is an affirmative defense, and the party asserting the bar of the statute of limitations has the burden of proof on that issue. <u>Security Indus. Ins. Co. v. U.S.</u>, 702 F.2d 1234, 1250 (5th Cir. 1983).  This means that defendants have the burden to establish the essential facts in support of this defense, including the date of accrual of plaintiff's causes of action.  <u>See</u> <u>Tech 7 Systems, Inc. v. Vacation Acquisition, LLC</u>,

7

594 F. Supp. 2d 76, 82 (D.D.C. 2009) (defendant's burden of proof to establish facts supporting its statute of limitations defense meant that the defendant was required "to demonstrate that there are no genuine issues of material fact with respect to the date(s) upon which (the plaintiff's) claim(s) ... accrued ( i.e., that the claims accrued outside the limitations period)"); Abeyta v. Progressive Specialty Ins. Co., Civ. Act. No. 06-cv-01998MSK-MJW, 2008 WL 170535, 3 (D. Colo. Jan. 16, 2008) (observing that defendant had burden of proof at trial on its defense of the statute of limitations, and thus "had the burden (on summary judgment motion) of establishing every element of that defense by sufficient evidence"); In re Diet Drugs (Phentermine/Fenfluramine/ Dexfenfluramine) Products Liability Litigation, MDL Docket No. 1203, Civ. Act. No. 04-23744, 2006 WL 1050289, 4 (E.D. Pa. Apr. 20, 2006) (denying summary judgment and finding statute of limitations issue presented question of fact to be resolved by the jury where defendant failed to establish absence of genuine issue of material fact as to whether plaintiff's cause of action accrued on a date outside the limitations period); All American Life & Cas. Ins. Co. v. Vandeventer, No. 2-05-016-CV, 2006 WL 742452, 3

(Tex. Ct. App. Mar. 23, 2006) (stating that "[a] defendant moving for a summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense, including the accrual date of the cause of action").  In the court's opinion, therefore, defendants are not entitled to summary judgment because they have failed to provide the court with any facts and/or evidence to establish that the alleged incident did not occur on January 7, 2007, but rather occurred on January 6, 2007, outside the limitations period.

    Accordingly, it is ordered that defendants' motion for summary judgment is denied.

    SO ORDERED this 3rd day of November 2010.

    /s/ Tom S. Lee
    UNITED STATES DISTRICT JUDGE